UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAYMONE ROGERS,

       Petitioner,

                                                 Case No. 14-CV-11217

v.                                                 Honorable Patrick J. Duggan

CATHERINE BAUMAN,

       Respondent.

_____/

**<u>OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL</u>**

**I. INTRODUCTION**

Petitioner Raymone Rogers filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 asserting that he is being held in violation of his constitutional rights. Petitioner pleaded no contest to assault with intent to murder, Mich. Comp. Laws § 750.83, armed robbery, Mich. Comp. Laws § 750.529, and two counts of possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b, in the Oakland County Circuit Court in 2011. The trial court sentenced him to fifteen to sixty years imprisonment on the assault conviction, a concurrent term of twelve to forty years imprisonment on the armed robbery

conviction, and two years imprisonment on each of the felony firearm convictions to be served concurrently to each other but consecutively to his other sentences. In his petition, he raises claims concerning the validity of his plea and the effectiveness of defense counsel. For the reasons stated below, the Court will deny the habeas petition. The Court will also deny a certificate of appealability, but will grant leave to proceed *in forma pauperis* on appeal.

## II. BACKGROUND

Petitioner's convictions arise from his and a co-defendant's assault and armed robbery of another man in December 2010. During the incident, a struggle ensued and the victim was shot multiple times but survived. Petitioner and the co-defendant fled with the victim's wallet and money.

Petitioner tendered his no contest plea to the charges on May 12, 2011. At the plea hearing, Petitioner stated that he was sixteen years old, that he could read, write, and understand English, and that he was satisfied with his defense attorney. 5/12/11 Plea Hr'g at 4. He indicated that he understood the charges against him and possible sentences and that there was no plea bargain or sentencing agreement. *Id.* at 4-6. Petitioner acknowledged the rights that he was giving up by entering his plea, including any claim that the plea was a result of promises or threats that were not previously disclosed to the court. *Id.* at 6-8. Petitioner confirmed that he wanted to

plead no contest and that it was his own choice to do so. *Id.* at 8. The parties agreed to accept the preliminary examination transcript as the factual basis for the plea. *Id.* at 8-9. Petitioner also signed a written plea form. People's Ex. 1.

On June 2, 2011, the trial court conducted a sentencing hearing and sentenced Petitioner to the terms of imprisonment previously set forth.

Following his plea and sentencing, Petitioner filed a motion for evidentiary hearing and to withdraw his plea with the trial court, asserting that his plea was not knowing, intelligent, and involuntary because he was advised by defense counsel that his minimum sentence would be no more than twelve years rather than the fifteen years he was given, that the trial court failed to inquire whether he was premised anything as required by state court rules, and that defense counsel was ineffective for misadvising him about his sentences. The trial court conducted a hearing on February 1, 2012 and denied the motion, finding that Petitioner explicitly acknowledged at the plea hearing that the court made no promises about his sentences and that he would be giving up any claim that the plea was the result of promises or threats that were not disclosed to the court. 2/1/12 Mot. Hr'g at 5-6.

Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals, asserting that his plea was not knowing and voluntary and that trial counsel was ineffective. The Michigan Court of Appeals denied leave to appeal for

lack of merit in the grounds presented. *People v. Rogers*, No. 310558 (Mich. Ct. App. July 11, 2012) (unpublished). Petitioner filed an application for leave to appeal with the Michigan Supreme Court raising the same claims, which was denied in a standard order. *People v. Rogers*, 493 Mich. 919, 823 N.W.2d 598 (2012).

Petitioner thereafter filed the present habeas petition, raising the following claim:

> He was denied his federal constitutional right to due process of law when the state trial court denied his motion to withdraw his no contest plea because the plea was not voluntarily, knowingly and intelligently made. Alternatively, he was deprived of his Sixth Amendment right to the effectiveness of counsel in making the plea.

Respondent has filed an answer to the petition, contending that it should be denied for lack of merit.

### III. ANALYSIS

Review of this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under the AEDPA, Petitioner is entitled to a writ of habeas corpus only if he can show that the state court's adjudication of his claims–

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Simply stated, under § 2254(d), Petitioner must show that the state court's decision "was either contrary to, or an unreasonable application of, [the Supreme] Court's clearly established precedents, or was based upon an unreasonable determination of the facts." *Price v. Vincent*, 538 U.S. 634, 639, 123 S. Ct. 1848, 1852-53 (2003).

A state court's decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13, 120 S. Ct. 1495, 1523 (2000). A state court's decision is an "unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*.

"[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id*. at 409, 120 S. Ct. at 1521. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id*. at 411, 120 S. Ct. at 1522. "Rather, it is the habeas

5

applicant's burden to show that the state court applied [Supreme Court precedent] to the facts of his case in an objectively unreasonable manner." *Woodford v. Visciotti*, 537 U.S. 19, 25, 123 S. Ct. 357, 360 (2002).

The AEDPA thus "imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773, 130 S. Ct. 1855, 1862 (2010) (quoting cases). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state[-]court's decision." *Harrington v. Richter*, 562 U.S. 86, 101, 131 S. Ct. 770, 786 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664, 124 S. Ct. 2140, 2149 (2004)). The Supreme Court has emphasized that it "bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (citing *Lockyer v. Andrade*, 538 U.S. 63, 75, 123 S. Ct. 1166, 1174-75 (2003)).

Lastly, a state court's factual determinations are presumed correct on federal habeas review. 28 U.S.C. § 2254(e)(1). A habeas petitioner may rebut this presumption only with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998). Moreover, habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. 170, __, 131 S. Ct. 1388,

1398 (2011).

In this case, the state trial court denied Petitioner's motion to withdraw his plea, finding that he explicitly acknowledged at the plea hearing that the court made no promises about his sentences and that he would be giving up any claim that the plea was a result of undisclosed promises or threats. 2/1/12 Mot. Hr'g at 5-6. The state appellate courts both denied leave to appeal. Having reviewed the matter, and for the reasons that follow, the Court concludes that the state courts' denial of relief is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts.[1]

Petitioner first asserts that he is entitled to habeas relief because the trial court erred in denying his motion to withdraw his no contest plea. Petitioner contends that his plea was not voluntary, knowing, and intelligent because he was advised that his minimum sentence would be twelve years imprisonment rather than the fifteen years he was given.

As an initial matter, the Court notes that Petitioner is not entitled to relief on any claim that the state trial court abused its discretion in refusing to allow him to withdraw his plea. Such a claim is not cognizable on habeas review because it is a state law claim. A criminal defendant has no federal constitutional right, or

---

[1] The Court would reach the same result under a *de novo* standard of review.

absolute right under state law, to withdraw a knowing, intelligent, and voluntary plea. *Chene v. Abramajtys*, 76 F.3d 378, 1996 WL 34902, *2 (6th Cir. 1996) (table). Consequently, "the decision to permit a defendant to withdraw a plea invokes the trial court's discretion. A trial court's abuse of discretion generally is not a basis for habeas corpus relief." *Adams v. Burt*, 471 F. Supp. 2d 835, 843 (E.D. Mich. 2007) (internal citations omitted); *see also Hoffman v. Jones*, 159 F. Supp. 2d 648, 655 (E.D. Mich. 2001). Federal habeas courts have no authority to correct perceived errors of state law. *Estelle v. McGuire*, 502 U.S. 62, 67-58, 112 S. Ct. 475, 480 (1991); *Serra v. Mich. Dep't of Corr.*, 4 F.3d 1348, 1354 (6th Cir. 1993). Habeas relief is thus not warranted on such a basis.

The bulk of Petitioner's argument is that his no contest plea was not voluntary, knowing, and intelligent because he was misadvised about the sentencing consequences of his plea. A plea is voluntary if it is not induced by threats or misrepresentations and the defendant is made aware of the direct consequences of the plea. *Brady v. United States*, 397 U.S. 742, 755, 90 S. Ct. 1463, 1472 (1970). The voluntariness of a plea "can be determined only by considering all of the relevant circumstances surrounding it." *Id.* at 749, 90 S. Ct. at 1469. The plea is intelligent and knowing where there is nothing to indicate that the defendant is incompetent or otherwise not in control of his or her mental faculties, is aware of the nature of the

charges, and is advised by competent counsel. *Id.* at 756, 90 S. Ct. at 1473. The plea must be made "with sufficient awareness of the relevant circumstances and likely consequences." *Id.* at 748, 90 S. Ct. at 1469.

The state court record reveals that Petitioner's plea was voluntary, knowing, and intelligent. Petitioner was sixteen years old at the time of his plea and could read and write. There is no evidence that he suffered from any physical or mental problems that would have impaired his ability to understand the criminal proceedings or the nature of his plea. The record reveals that he responded appropriately to the court's questions at the plea hearing, and no one at the hearing, including Petitioner himself, indicated that he was unable to understand the proceedings. The record further indicates that Petitioner was represented by legal counsel and conferred with counsel during the plea process. The state court advised Petitioner of his trial rights and the fact that he would be giving up those rights – including his right to claim that his pleas was the product of any promises or threats not disclosed to the court – by pleading no contest. The court discussed the charges and maximum sentences, as well as the fact that there was no plea bargain or sentencing agreement. Petitioner indicated that he understood the plea and that he was pleading no contest of his own free will. He also signed a written plea form. Petitioner has not shown that his no contest plea was involuntary, unknowing, or unintelligent. The fact that he was subsequently

9

dissatisfied with his plea or sentence and may have hoped for more lenient treatment does not render his plea unknowing or involuntary. *See Brady*, 397 U.S. at 757, 90 S. Ct. at 1473-74.

Petitioner also seems to assert that he is entitled to habeas relief because the trial court failed to engage in a proper plea colloquy under Michigan law because the court did not specifically ask him whether any promises or threats had been made to him to induce his plea. Any such claim, however, is not cognizable on federal habeas review because it is a state law claim. *See, e.g., Riggins v. McMackin*, 935 F.2d 790, 795 (6th Cir. 1991) (ruling that district court erred in granting habeas relief on claim that plea colloquy failed to conform to state rules). State courts are the final arbiters of state law and federal courts will not intervene in such matters. *Lewis v. Jeffers*, 497 U.S. 764, 780, 110 S. Ct. 3092, 3102 (1990). Habeas relief is not warranted on such a basis.

Lastly, Petitioner asserts that defense counsel was ineffective for misadvising him about the sentencing consequences of his plea. Specifically, Petitioner alleges that he was led to believe his minimum sentence would be no more than twelve years imprisonment rather than the fifteen years he received. The Supreme Court has set forth a two-part test for evaluating the claim of a habeas petitioner who is challenging a plea on the ground that he or she was denied the Sixth Amendment right to the

10

effective assistance of counsel. First, the petitioner must establish that "counsel's representation fell below an objective standard of reasonableness." *Hill v. Lockhart*, 474 U.S. 52, 57-58, 106 S. Ct. 366, 369 (1985) (quoting *Strickland v. Washington*, 466 U.S. 668, 688, 104 S. Ct. 2052, 2065 (1984)). To demonstrate that counsel's performance fell below this standard, a petitioner must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065.

Second, the petitioner must also show that counsel's performance resulted in prejudice, i.e., "that there is a reasonable probability that, but for counsel's errors, [he/she] would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59, 106 S. Ct. at 370. The Supreme Court has explained that "[i]n many guilty plea cases, the 'prejudice' inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective-assistance challenges to convictions obtained through a trial." *Id*. The Supreme Court has emphasized that "these predictions of the outcome at a possible trial, where necessary, should be made objectively, without regard for the 'idiosyncracies of the particular decisionmaker.'" *Id*. at 59-60, 106 S. Ct. at 371 (quoting *Strickland*, 466 U.S. at 695, 104 S. Ct. at 2068).

The Supreme Court has confirmed that a federal court's consideration of

ineffective assistance of counsel claims arising from state criminal proceedings is quite limited on habeas review due to the deference accorded trial attorneys and state appellate courts reviewing their performance. "The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Harrington*, 131 S. Ct. at 788 (internal and end citations omitted). "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id*. The Supreme Court has also emphasized the extraordinary deference to be afforded trial counsel in plea bargaining. *See Premo v. Moore*, 562 U.S. 115, 125, 131 S. Ct. 733, 741 (2011) (stating that "strict adherence to the *Strickland* standard [is] all the more essential when reviewing the choices an attorney made at the plea bargain stage"); *see also Bray v. Andrews*, 640 F.3d 731, 738 (6th Cir. 2011) (citing *Premo*).

The record does not support Petitioner's claim that defense counsel misadvised him about his sentences. At the plea hearing, the trial court informed Petitioner that he faced maximum sentences of life imprisonment on the assault and armed robbery charges and a consecutive term of two years imprisonment on the felony firearm charges. The court also confirmed that there was no plea bargain or sentencing agreement. Even assuming that defense counsel believed that Petitioner's minimum

sentence would be twelve years imprisonment, there is no indication that counsel guaranteed that Petitioner would receive such a sentence, or any specific sentence.

Moreover, even if Petitioner was misinformed by counsel, he is not entitled to habeas relief. A trial court's proper plea colloquy cures any misunderstandings that a defendant may have about the consequences of a plea. *Ramos*, 170 F.3d at 565; *Boyd v. Yukins*, 99 F. App'x 699, 703 (6th Cir. 2004). The trial court conducted a sufficient colloquy as to the sentencing consequences of the plea. The court reviewed the charges and the maximum sentences. The court verified that there was no plea bargain and no sentencing agreement. In advising Petitioner of the rights that he would be giving up by entering his plea, the court specifically advised Petitioner would be giving up any claim that his plea was the product of any undisclosed promises or threats. Petitioner raised no objection or concern at the time of his plea or sentencing. He fails to establish that his no contest plea is invalid. Any claim that he pleaded no contest based upon a promise that his minimum sentence would be twelve years imprisonment is unsupported by the record.

As aptly stated by the Sixth Circuit when faced with a challenge to a plea bargain based upon alleged off-the-record statements:

> If we were to rely on [the petitioner's] alleged subjective impression rather than the record, we would be rendering the plea colloquy process meaningless, for any convict who alleges that he believed the plea bargain was different from that outlined in the record could withdraw his

13

> plea, despite his own statements during the plea colloquy . . . indicating the opposite. This we will not do, for the plea colloquy process exists in part to prevent petitioners . . . from making the precise claim that is today before us. '[W]here the court has scrupulously followed the required procedure, the defendant is bound by his statements in response to that court's inquiry.'

*Ramos*, 170 F.3d at 566 (quoting *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986)). Petitioner has not shown that defense counsel misadvised him about the sentencing consequences of his plea. He thus fails to establish that counsel was ineffective under the *Strickland/Hill* standard. Habeas relief is not warranted.

## IV. CONCLUSION

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on his claims and the petition must be denied.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies habeas relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the constitutional claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85, 120 S. Ct. 1595, 1604 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve

encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S. Ct. 1029, 1034 (2003). In applying this standard, a court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the claims. *Id*. at 336-37. The Court concludes that Petitioner fails to make a substantial showing of the denial of a constitutional right as to his habeas claims. A certificate of appealability is not warranted in this case nor should Petitioner be granted leave to proceed *in forma pauperis* on appeal, as an appeal cannot be taken in good faith. *See* FED. R. APP. P. 24(a).

Accordingly, the Court **DENIES** and **DISMISSES WITH PREJUDICE** the petition for a writ of habeas corpus. The Court also **DENIES** a certificate of appealability and **DENIES** leave to proceed *in forma pauperis* on appeal.

**SO ORDERED.**

                                                          s/PATRICK J. DUGGAN
                                                          UNITED STATES DISTRICT JUDGE

Dated: September 2, 2015

Copies to:
Raymone Rogers
Laura Moody, Esq.
Raina I. Korbakis, Esq.